United States District Court
Southern District of Texas
FILED

OCT 03 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

HILDA BARAJAS, JOSE LUIS BARAJAS, §
and MARIA SUSANA BARAJAS §
§
v. § CIVIL ACTION NO.: B-03-175
§
CAMERON MAY and WASHINGTON §
MUTUAL FINANCE, INC. §

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Defendants WASHINGTON MUTUAL FINANCE, INC. ("Washington Mutual") and CAMERON MAYE ("Maye"), incorrectly identified by Plaintiffs as Cameron May, through undersigned counsel of record, hereby remove from the 138th Judicial District Court of Cameron County, Texas to the United State District Court for the Southern District of Texas the following described and captioned lawsuit, and in support thereof, respectfully shows that:

I.

Plaintiffs filed suit on August 28, 2003 in the 138th Judicial District Court of Cameron County, Texas, entitled *"Hilda Barajas, Jose Luis Barajas, and Maria Susana Barajas v. Cameron May and Washington Mutual Finance, Inc.* bearing Cause No. 2003 08 4236-B of said state court. Copies of the state court documents are set out on the index of matters being filed, being all the process served upon Defendants, are attached hereto as required by 28 U.S.C. § 1446(a). The Civil Docket Sheet will be supplemented as soon as it is received from the State Court. No further proceedings have been had in Cause No. 2003 08 4326-B.

II.

Plaintiffs are Texas citizens who reside in Cameron County, Texas. Defendant Cameron Maye is an individual who resides in Florida. Defendant Washington Mutual Finance, Inc. is a California corporation with its principal place of business in Florida.

III.

This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 as Plaintiffs Hilda Barajas, Jose Luis Barajas and Maria Susana Barajas and Defendants Washington Mutual Finance, Inc. and Cameron Maye are citizens of different states and the amount in controversy including the principal amount of the loan, contractual interest due under the loan agreements and Plaintiffs' claims for actual damages, exemplary damages and attorneys' fees, exceeds the sum of $75,000. Plaintiffs claim damages due to alleged violations of the Texas Debt Collection Act, the Texas Deceptive Trade Practices Act and various torts.

IV.

This entire action is removable under 28 U.S.C. § 1441(a) and (b).

V.

Defendant Washington Mutual was served with the suit on September 4, 2003. Defendant Maye has yet to be properly served in this action. Defendants properly file this notice of removal under 12 U.S.C. § 1446(b) within thirty days after the receipt by the Defendants of Plaintiffs' Original Petition.

VI.

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed action has been pending.

VII.

Upon the filing of this Notice, Defendants have, at the same time, given written notice to Plaintiffs, through their counsel, by furnishing copies of this Notice and attachments. Defendants will file forthwith a notice of this removal in the 138th Court of Cameron County, State of Texas.

WHEREFORE, Defendants pray that this cause proceed before this Honorable Court as an action properly removed from the 138th Court of Cameron County, State of Texas.

Respectfully submitted,

_____
Jeffrey R. Seewald
State Bar No. 17986640
Federal I.D. No. 28500

ATTORNEY-IN-CHARGE FOR DEFENDANTS
WASHINGTON MUTUAL FINANCE, INC.
AND CAMERON MAYE

OF COUNSEL:

McGLINCHEY STAFFORD, PLLC
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: (713) 520-1900
Facsimile: (713) 520-1025

## CERTIFICATE AND NOTICE OF FILING

The undersigned attorney of record for Defendant, certifies that on October 2, 2003, a copy of this Notice of Removal of action was filed by federal express delivery with the District Clerk of Cameron County, Texas, and that written notice of filing of the Notice of Removal was served by certified mail, return receipt requested upon the attorney of record for Plaintiffs. Attached to the notices were copies of this Notice of Removal.

_____
JEFFREY R. SEEWALD

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing document was forwarded in accordance with the Federal Rules of Civil Procedure on this the 2nd day of October, 2003 to the following counsel of record:

      Manuel H. Newburger
      Barron & Newburger, P.C.
      1212 Guadalupe, Suite 104
      Austin, Texas 78701-1837

      Dan Whitworth
      John Ventura
    Law Offices of John Ventura, P.C.
      62 East Price Road
      Brownsville, Texas 78521

_____
JEFFREY R. SEEWALD

DP1

Citation for Personal Service - BY CERTIFIED MAIL     Lit. Seq. # 5.004.01

No. 2003-08-004326-B

#29365

THE STATE OF TEXAS

COPY

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: CAMERON MAY
WASHINGTON MUTUAL FINANCE
8900 GRAND OAK CIRCLE
TAMPA, FL 33637-1050

RECEIVED
SEP 08 2003

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____PETITION_____ was filed on AUGUST 28, 2003. A copy of same accompanies this citation.

The file number of said suit being No. 2003-08-004326-B.

RECEIVED
SEP - 9 2003
LEGAL DEPARTMENT
PLANTATION LITIGATION

The style of the case is:

HILDA BARAJAS
VS.
CAMERON MAY ET AL.

Said petition was filed in said court by _____DANIEL WHITWORTH_____
(Attorney for _____PLAINTIFF_____), whose address is
62 E. PRICE ROAD BROWNSVILLE, TX 78520.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 29th day of AUGUST, A.D. 2003.

AURORA DE LA GARZA, DISTRICT CLERK

Citation for Personal Service — BY CERTIFIED MAIL    Lit. Seq. # 5.005.01

No. 2003-08-004326-B

THE STATE OF TEXAS



NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: WASHINGTON MUTUAL FINANCE, INC.,
    701 BRAZOS STREET, SUITE 1050
    TRAVIS COUNTY
    AUSTIN, TEXAS 78701

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on AUGUST 28, 2003. A copy of same accompanies this citation.

The file number of said suit being No. 2003-08-004326-B.

The style of the case is:

HILDA BARAJAS
VS.
CAMERON MAY ET AL.

Said petition was filed in said court by _____ DANIEL WHITWORTH _____ (Attorney for _____ PLAINTIFF _____), whose address is 62 E. PRICE ROAD BROWNSVILLE, TX 78520.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 29th day of AUGUST, A.D. 2003.

AURORA DE LA GARZA, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _____, Deputy

FILED 9:45 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK

AUG 28 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

NO. 2003-08-4326-B

| | | |
|---|---|---|
| HILDA BARAJAS, JOSE LUIS BARAJAS, and MARIA SUSANA BARAJAS, Plaintiffs, | § § § § | IN THE DISTRICT COURT |
| VS. | § § | 135th JUDICIAL DISTRICT |
| CAMERON MAY and WASHINGTON MUTUAL FINANCE, INC., Defendants | § § § | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Hilda Barajas, Jose Luis Barajas, and Maria Susana Barajas, Plaintiffs, hereby file this Original Petition complaining of Cameron May and Washington Mutual Finance, Inc., Defendants, and as cause therefor would respectfully show the following:

### DISCOVERY LEVEL

1. This suit is subject to Level 2 of Tex. R. Civ. P. 190.

### SERVICE AND VENUE

2. Plaintiffs may be contacted through their undersigned attorneys of record. Defendant Washington Mutual Finance, Inc. may be served by serving its registered agent, Corporation Service Company at said Defendant's registered office at 701 Brazos Street, Suite 1050, Austin, Travis County, Texas 78701. Defendant Cameron May may be served by certified mail, restricted delivery, return receipt requested, at his place of employment at Washington Mutual Finance, 8900

1

Grand Oak Circle, Tampa, FL 33637-1050. Venue in this case is proper in Cameron County, Texas pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 15.002.

## FACTS

3. Whenever in this petition it is alleged that a Defendant did or was told any act or thing, it is meant that the Defendant's officers, agents, servants, employees, or representatives did or were told such act or thing and that, at the time such act or thing was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of the Defendant's officers, agents, servants, employees, or representatives.

4. In 2002, Ramon Barajas bought a fence from a builder in Cameron County. The purchase price was financed by Washington Mutual Finance through its Brownsville office. Defendant's representative told Ramon Barajas he needed to have his brother Jose Luis Barajas co-sign the debt due to Ramon's bad credit. She also affirmatively represented to Jose Luis Barajas that he would only be on the loan for three (3) months, that after that period the loan would be transferred solely to Ramon, and that Jose Luis would not be held liable for any portion of the debt, regardless of what the contract said. Jose Luis Barajas relied on those representations in co-signing for Ramon's debt.

5. After the purchase of the fence, Ramon Barajas had difficulty making the payments to Defendant. Shortly after that, Maria Susana Barajas, Jose Luis' wife, started receiving telephone calls from Washington Mutual representatives demanding payment on the account. The calls varied in time from as early as 7:00 a.m. to as late as 10:00 p.m. and she was sometimes called four times in a day. Maria would normally take the calls as Jose Luis was gone most of the time driving a

truck. Defendant's representatives would always ask for a payment of the money that Jose Luis allegedly owed. Many of the early calls would wake up their baby, who slept in the same room with them and would wake up Maria who was staying up late with the baby.

6. Plaintiff Hilda Barajas is the mother of both Jose Luis Barajas and Ramon Barajas. She is a 56 year old woman in poor health. In particular, she is diabetic and has a history of high blood pressure and heart problems. On or about April 2, 2003, at approximately 8:30 a.m., Mrs. Barajas received a phone call from Defendant May (or an agent or employee of Washington Mutual Finance who called himself Cameron May.) She was told by the caller that there was an emergency involving her son Ramon and that the caller needed to contact Jose Luis. The caller asked for Jose Luis' cell phone number so that he could call Jose Luis and let him know about the emergency. The caller led her to believe that Ramon had been in an accident or was injured. At the time, Jose Luis was out on the road in New York. Mrs. Barajas gave the caller his cell phone number and he hung up on her, providing no further information about the emergency involving her son. Her son Ramon was in Florida at the time. Mrs. Barajas was so frightened that she went into shock and began having chest pains.

7. Defendant May immediately called Jose Luis on his cell phone and demanded payment. When Jose Luis asked May how he obtained his cellular phone number, May said that he had "special methods" for getting peoples numbers. Jose Luis then called Mrs. Barajas to see if she had furnished his number. When he learned what had happened he explained to his mother that she had been tricked into giving Washington Mutual his telephone number. Despite the assurances from Jose Luis that Ramon was not in danger, she continued to have pain to the left side of her body. She also could not overcome the fear that her son had suffered an injury and might have lost

3

his life. She was incapable of driving to the doctor, nor capable of unlocking her front gate to allow an ambulance to enter her driveway, so she decided not to call the ambulance and just wait until the next morning to get medical attention. The pain on her left side continued and included her eye, chest, neck, and arm, resulting in weakness throughout her body all night long. In the morning she had her sister drive her to her family doctor who immediately sent her to the emergency room at Valley Baptist Medical Center in Harlingen, because of the chest pains and very low blood pressure which led them to believe she had suffered or had symptoms of a heart attack. She spent four days and nights at the hospital. Part of treatment was running a camera from her thigh to her heart to see if she was having blockage causing the chest pains. No blockage was found, and it is clear that the pains were due to the stress caused by Defendant's conduct.

8. Ramon Barajas also called Defendant to inform it that it had caused his mother great pain in telling her there was an emergency with him. The response of Defendant's employee was that Ramon should send in $1,500.00 and Defendant would stop bothering him.

9. Since the phone call, Hilda Barajas has suffered from depression, worry, confusion, sleeplessness, restlessness, and headaches. Her neck still hurts and she has not been able to drive. She worries every time the phone rings that it will be bad news. She has trouble sleeping at night. Defendant's actions have caused her not just physical pain and suffering, but also severe mental anguish that has substantially disrupted her daily routines.

10. Defendants' conduct is and was the producing and proximate cause of actual and consequential damages to Plaintiffs in an amount within the jurisdictional limits of the Court.

## TEXAS DEBT COLLECTION ACT

11. Plaintiffs would show that the alleged obligation that Defendants have attempted to collect is a "debt" as defined in Tex. Fin. Code Ann. § 392.001(2), and Defendants are "debt collectors" as defined in Tex. Fin. Code Ann. § 392.001(6) and a "third-party debt collector" as defined in Tex. Fin. Code Ann. § 392.001(7). Defendants' conduct has violated the Texas Debt Collection Act in the following respects:

12. Defendants attempted to collect a debt through oppression, harassment, or abuse by:

   a. using language intended to abuse unreasonably the hearer or reader, in violation of Tex. Fin. Code Ann. § 392.302(1);

   b. placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number, in violation of Tex. Fin. Code Ann. § 392.302(2);

   c. causing a person to incur a telephone charge by a medium of communication without first disclosing the name of the person making the communication, in violation of Tex. Fin. Code Ann. § 392.302(3); and

   d. causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number, in violation of Tex. Fin. Code Ann. § 392.302(4).

13. Defendants attempted to collect a debt through fraudulent, deceptive, or misleading representations by:

   a. using a name other than the true business or professional name or the true personal or legal name of the debt collector while engaged in debt collection,

in violation of Tex. Fin. Code Ann. § 392.304(a)(1);

b. representing falsely that Defendant had information of value for Plaintiffs in order to solicit or discover information about Plaintiffs, in violation of Tex. Fin. Code Ann. § 392.304(a)(3); and

c. representing falsely the status or nature of Defendant Washington Mutual's business, in violation of Tex. Fin. Code Ann. § 392.304(a)(14).

14. The aforesaid unfair debt collection practices have been a producing and proximate cause of Plaintiffs' damages. Pursuant to Tex. Fin. Code Ann. § 392.403, Plaintiffs are entitled to recover the actual damages caused by such practices, attorney's fees reasonably related to the amount of work expended in this case, and costs. As Defendant's actions were willful, wanton, and malicious, and committed with conscious indifference and reckless disregard for Plaintiffs' rights, Plaintiffs are entitled to recover exemplary damages an amount to be set by the trier of fact. Pursuant to Tex. Fin. Code Ann. § 392.404, Defendants' violations of the TDCA are also violations of the DTPA and are also actionable under Tex. Bus. & Com. Code Ann. § 17.50.

## PERMANENT INJUNCTIVE RELIEF

15. Acting as private attorneys general pursuant to Tex. Bus. & Com. Code Ann. § 17.50(b)(2) and Tex. Fin. Code Ann. § 392.403(a)(1), Plaintiffs are entitled to a permanent injunction, prohibiting Defendant from ever again utilizing the types of unlawful debt collection practices described above.

## ATTORNEY'S FEES

16. In the event that Plaintiffs prevail on any of the above-stated legal theories, they are entitled to recover their reasonable and necessary attorney's fees through trial and any subsequent appeals.

## FRAUD

17. In the alternative, and without waiving the foregoing, Plaintiff Jose Luis Barajas asserts that Defendant Washington Mutual intentionally and knowingly made the aforesaid misrepresentations as to its intent to hold him personally liable, with the intent that he rely upon them and be induced to act upon such reliance. Plaintiff did in fact detrimentally rely upon such misrepresentations, which were the proximate cause of the damages described above. Defendant's conduct constitutes fraud, and such fraud was committed willfully, wantonly, and maliciously, and Plaintiffs are therefore also entitled to recover exemplary damages in an amount to be set by the trier of fact.

## NEGLIGENT MISREPRESENTATION

18. In the alternative, and without waiving the foregoing, Plaintiff Jose Luis Barajas asserts that if Defendant Washington Mutual did not intentionally and knowingly make the aforesaid misrepresentations, then it made them negligently, and without the exercise of reasonable care and prudence. Plaintiff's reliance upon such misrepresentations was the proximate cause of the damages described above.

## UNREASONABLE DEBT COLLECTION PRACTICES

19. In the alternative, and without waiving the foregoing, Plaintiffs assert that Defendants' conduct as described above constituted a campaign of unreasonable debt collection practices that proximately caused Plaintiffs actual damages in an amount within the jurisdiction of the Court. Defendants' conduct was reckless, willful, and malicious, and Plaintiffs are entitled to recover exemplary damages in an amount to be set by the trier of fact.

## INTENTIONAL INFLICTION OF MENTAL ANGUISH

20. In the alternative, and without waiving the foregoing, Plaintiffs assert that Defendants' conduct as described above constituted the intentional infliction of mental anguish damages for which the law of Texas allows recovery. Defendants' conduct proximately caused Plaintiffs actual damages in an amount within the jurisdiction of the Court. Defendant's conduct was reckless, willful, and malicious, and Plaintiffs are entitled to recover exemplary damages in an amount to be set by the trier of fact.

## INVASION OF PRIVACY

21. In the alternative, and without waiving the foregoing, Plaintiffs assert that Defendant Washington Mutual's conduct unlawfully invaded the personal privacy of Plaintiffs and proximately caused Plaintiffs actual damages in an amount within the jurisdiction of the Court. Defendant's conduct was reckless, willful, and malicious, and Plaintiffs are entitled to recover exemplary damages in an amount to be set by the trier of fact.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs prays that Defendant be cited to appear and answer and that upon final hearing hereof, they be granted judgment for actual, consequential, and exemplary damages, interest, attorney's fees, costs of court, and permanent injunctive relief. Plaintiffs further pray for all such other and further relief, at law or in equity, as to which they may be justly entitled.

>
> Respectfully submitted,
>
> Manuel H. Newburger
> State Bar No. 14946500
> Barron & Newburger, P.C.
> 1212 Guadalupe, Suite 104
> Austin, Texas 78701-1837
> (512) 476-9103
> Fax: (512) 476-9253
>
> *[signature]*
>
> Dan Whitworth
> State Bar No. 24008275
> John Ventura
> State Bar No. 20545700
> Law Offices of John Ventura, P.C.
> 62 East Price Road
> Brownsville, Texas 78521
> 956-546-9398
> (800) 424-0352
> Fax: (956) 542-1478
>
> ATTORNEYS FOR PLAINTIFFS

9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| HILDA BARAJAS, JOSE LUIS BARAJAS, and MARIA SUSANA BARAJAS § § § | |
| v. § | CIVIL ACTION NO. B-03-175 |
| § | |
| CAMERON MAY and WASHINGTON MUTUAL FINANCE, INC. § § § | |

### INDEX OF COUNSEL

Attorney for Plaintiffs, Hilda Barajas, Jose Luis Barajas, and Maria Susana Barajas

    Manuel H. Newburger
    State Bar No. 14946500
    Barron & Newburger, P.C.
    1212 Guadalupe, Suite 104
    Austin, Texas 78701-1837
    512/ 476-9103
    512/ 476-9253 Fax

    Dan Whitworth
    State Bar No. 24008275
    John Ventura
    State Bar No. 20545700
    Law Offices of John Ventura, P.C.
    62 East Price Road
    Brownsville, Texas 78521
    956/ 546-9398
    800/ 424-0352
    956/ 542-1478 Fax

Attorney for Defendants, Washington Mutual Finance, Inc. and Cameron Maye

    Jeffrey R. Seewald
    State Bar No. 17986640
    Federal I.D. No. 28500
    McGlinchey Stafford, PLLC
    1001 McKinney, Suite 1500
    Houston, Texas 77002
    Telephone: (713) 520-1900
    Fax: (713) 520-1025

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HILDA BARAJAS, JOSE LUIS BARAJAS, and MARIA SUSANA BARAJAS | § § § § § § § | |
| v. | | CIVIL ACTION NO. **B-03-175** |
| CAMERON MAY and WASHINGTON MUTUAL FINANCE, INC. | | |

### NOTICE OF REMOVAL

TO: Plaintiffs, Hilda Barajas, Jose Luis Barajas, and Maria Susana Barajas, by and through their attorneys of record, Manuel H. Newburger, Barron & Newburger, P.C., 1212 Guadalupe, Suite 104, Austin, Texas 78701-1837 and Dan Whitworth, John Ventura, Law Offices of John Ventura, P.C., 62 East Price Road, Brownsville, Texas 78521

PLEASE TAKE NOTICE that the action in which you are named as Plaintiffs, filed in the 138th Judicial District Court of Cameron County, Texas, is being removed from that court to the United States District Court for the Southern District of Texas, Brownsville Division, effective October 3, 2002. On this day, a Notice of Removal, a copy of which is attached, was sent to the Clerk of the United States District Court and a copy of that Notice of Removal has been sent to the Clerk of the above-referenced State District Court effecting removal.

Respectfully submitted,

_____
Jeffrey R. Seewald
State Bar No. 17986640
Federal I.D. No. 28500

ATTORNEY-IN-CHARGE FOR DEFENDANTS
WASHINGTON MUTUAL FINANCE, INC.
AND CAMERON MAYE

-3-

- 4 -

OF COUNSEL:

McGLINCHEY STAFFORD, PLLC
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: (713) 520-1900
Facsimile: (713) 520-1025

NO. 2003 08 4326-B

| | | |
|---|---|---|
| HILDA BARAJAS, JOSE LUIS BARAJAS, and MARIA SUSANA BARAJAS | § § § | IN THE DISTRICT COURT |
| v. | § § | 138th JUDICIAL DISTRICT |
| CAMERON MAY and WASHINGTON MUTUAL FINANCE, INC. | § § § | CAMERON COUNTY, TEXAS |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

PLEASE TAKE NOTICE that the Defendants, WASHINGTON MUTUAL FINANCE, INC. and CAMERON MAYE, are, pursuant to applicable law, filing with the Clerk of the United States District Court for the Southern District of Texas, Brownsville Division, a Notice of Removal, a copy of which is attached to and filed with this document, and that this action is removed to the United States District Court as of October 3, 2003. This Court is respectfully requested to proceed no further in this action unless and until such time as the action may be remanded by order of the United States District Court for the Southern District of Texas, Brownsville Division.

Respectfully submitted,

McGlinchey Stafford, PLLC

By: _____
Jeffrey R. Seewald
State Bar No. 17986640
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: (713) 520-1900
Facsimile: (713) 520-1025
ATTORNEY FOR DEFENDANTS
WASHINGTON MUTUAL FINANCE, INC.
AND CAMERON MAYE

- 2 -

## CERTIFICATE OF SERVICE

I, Jeffrey R. Seewald, do hereby certify that a true and correct copy of the foregoing Notice of Removal was mailed by certified mail, return receipt requested, on the 2nd day of October, 2003 to the following counsel of record:

Manuel H. Newburger
Barron & Newburger, P.C.
1212 Guadalupe, Suite 104
Austin, Texas 78701-1837

Dan Whitworth
John Ventura
Law Offices of John Ventura, P.C.
62 East Price Road
Brownsville, Texas 78521

_____
JEFFREY R. SEEWALD

- 2 -