6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 4 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| HILDA BARAJAS, JOSE LUIS BARAJAS, | § | |
| and MARIA SUSANA BARAJAS | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-03-175 |
| | § | |
| CAMERON MAY and WASHINGTON | § | |
| MUTUAL FINANCE, INC. | § | |

**DEFENDANT WASHINGTON MUTUAL FINANCE, INC.'S
ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION**

Defendant WASHINGTON MUTUAL FINANCE, INC. ("Washington Mutual" or "Defendant") for its Answer to the Complaint filed by Plaintiffs Hilda Barajas, Jose Luis Barajas, and Maria Susana Barajas state that (a) any allegation not specifically admitted herein is denied; (b) where Washington Mutual states that an allegation is a legal conclusion that requires no response, it denies any facts Plaintiffs intend to allege in such allegations; and (c) where Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of certain allegations, it therefore denies those allegations; and Defendant further states as follows:

1.      The allegations in paragraph 1 of Plaintiffs' Petition state legal conclusions that do not require a response from Washington Mutual, but to the extent a response is required, Washington Mutual denies the allegations.

2.      The allegation contained in paragraph 2 of the Petition regarding service of Cameron Maye is denied to the extent Cameron Maye is employed at 8900 Grand Oak Circle, Tampa, Florida 33637-1050.

3.      The allegations contained in paragraph 3 of the Petition are denied.

4.      As to paragraph 4 of the Petition, Defendant is without information sufficient to admit or deny the allegations and therefore denies such allegations.

5.      As to paragraph 5 of the Petition, Defendant admits Jose Luis' account became delinquent.   As to the remainder of paragraph 5, Defendant is without information sufficient to admit or deny the allegations and therefore denies such allegations.

6.      As to the Petition's paragraph 6, Defendant is without information sufficient to admit or deny the allegations contained in paragraph 6 and therefore denies the allegation.

7.      As to paragraph 7 of the Petition, Defendant is without information sufficient to admit or deny the allegations and therefore deny such allegations.

8.      As to paragraph 8 of the Petition, Defendant is without information sufficient to admit or deny the allegations and therefore deny such allegations.

9.      As to paragraph 9 of the Petition, Defendant is without information sufficient to admit or deny the allegations and therefore deny such allegations.

10.     Defendant denies the allegations contained in paragraph 10 of the Petition.

11.     The allegations in paragraph 11 of Plaintiffs' Petition state legal conclusions that do not require a response from Washington Mutual, but to the extent a response is required, Washington Mutual denies the allegations.

12.     The allegations in paragraph 12 of Plaintiffs' Petition state legal conclusions that do not require a response from Washington Mutual, but to the extent a response is required, Washington Mutual denies the allegations.

13.     The allegations in paragraph 13 of Plaintiffs' Petition state legal conclusions that do not require a response from Washington Mutual, but to the extent a response is required, Washington Mutual denies the allegations.

14.    The allegations in paragraph 14 of Plaintiffs' Petition state legal conclusions that do not require a response from Washington Mutual, but to the extent a response is required, Washington Mutual denies the allegations.

15.    The allegations in paragraph 15 of Plaintiffs' Petition state legal conclusions that do not require a response from Washington Mutual, but to the extent a response is required, Washington Mutual denies the allegations.

16.    The allegations in paragraph 16 of Plaintiffs' Petition state legal conclusions that do not require a response from Washington Mutual, but to the extent a response is required, Washington Mutual denies the allegations.

17.    The allegations in paragraph 17 of Plaintiffs' Petition state legal conclusions that do not require a response from Washington Mutual, but to the extent a response is required, Washington Mutual denies the allegations.

18.    The allegations in paragraph 18 of Plaintiffs' Petition state legal conclusions that do not require a response from Washington Mutual, but to the extent a response is required, Washington Mutual denies the allegations.

19.    The allegations in paragraph 19 of Plaintiffs' Petition state legal conclusions that do not require a response from Washington Mutual, but to the extent a response is required, Washington Mutual denies the allegations.

20.    The allegations in paragraph 20 of Plaintiffs' Petition state legal conclusions that do not require a response from Washington Mutual, but to the extent a response is required, Washington Mutual denies the allegations.

21. The allegations in paragraph 21 of Plaintiffs' Petition state legal conclusions that do not require a response from Washington Mutual, but to the extent a response is required, Washington Mutual denies the allegations.

## Affirmative Defenses

First Affirmative Defense: The Complaint fails to state a claim against Defendant upon which relief may be granted.

Second Affirmative Defense: Some or all of the claims asserted by Plaintiffs are barred by the doctrines of waiver and estoppel.

Third Affirmative Defense: Defendant alleges that the acts and/or omissions of the Plaintiffs themselves, caused or contributed to cause, the incident made the basis of this lawsuit.

Fourth Affirmative Defense: Defendant alleges that the incident made the basis of this lawsuit was caused by the negligence of a third party or third parties over whom said Defendant has no control and said negligence was a proximate cause, or in the alternative, was the sole proximate cause, of the incident in question.

Fifth Affirmative Defense: Plaintiffs have failed to mitigate any damages that occurred (the existence of which damages is denied).

Sixth Affirmative Defense: Defendant is not liable to Plaintiffs based on Defendant's statutory or other defenses under the Fair Debt Collection Act, 15 U.S.C. § 1692 *et seq*.

Seventh Affirmative Defense: Plaintiffs' claims for punitive damages are barred:

(a)   by the Eighth Amendment of the United States Constitution, and applicable provisions of the Texas Constitution;

(b)   by the Fifth and Fourteenth Amendments of the United States Constitution prohibiting substantive and procedural due process violations, and applicable provisions of the Texas Constitution;

     (c)     by the Fourteenth Amendment of the United States Constitution prohibiting equal protection violations, and applicable provisions of the Texas Constitution; and

     (d)     to the extent that such sanctions are attempted to be imposed without requiring the burden of proof to be beyond a reasonable doubt and also in accordance with the protections of the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, and in accordance with the applicable sections of the Texas Constitution.

<u>Eighth Affirmative Defense</u>:  Any damages suffered by Plaintiffs were caused by persons not within the authority, control or agency of Defendant.

<u>Ninth Affirmative Defense</u>:  Plaintiffs' claims are subject to Defendant's rights of setoff and recoupment.

<u>Tenth Affirmative Defense</u>:  All acts done or omitted were done or omitted in good faith in conformity with the rules, regulations, and interpretations of the Federal Reserve Board or in conformity with any interpretation or approval by an official or employee of the Federal Reserve System duly authorized to issue such interpretations or approvals.

<u>Eleventh Affirmative Defense</u>:  Plaintiffs lack standing in this matter.

<u>Twelfth Affirmative Defense</u>:  Some or all of Plaintiffs' claims are barred by the statute of frauds and/or the parol evidence rule.

<u>Thirteenth Affirmative Defense</u>:  Defendant denies that Cameron Maye is liable in his individual capacity.

<u>Fourteenth Affirmative Defense</u>:  Defendant asserts its good faith compliance with all applicable contracts, rules, regulations, statutes and laws.

<u>Fifteenth Affirmative Defense</u>:  Defendant reserves the right to assert any additional affirmative defense that may be discovered during the course of additional investigation and discovery.

Respectfully submitted,

Jeffrey R. Seewald
State Bar No. 17986640
Federal I.D. No. 28500

ATTORNEY-IN-CHARGE FOR DEFENDANTS
WASHINGTON MUTUAL FINANCE, INC.
AND CAMERON MAYE

OF COUNSEL:

McGLINCHEY STAFFORD, PLLC
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: (713) 520-1900
Facsimile: (713) 520-1025

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was forwarded in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 23rd day of October, 2003 to the following counsel of record:

Manuel H. Newburger
Barron & Newburger, P.C.
1212 Guadalupe, Suite 104
Austin, Texas 78701-1837

Dan Whitworth
John Ventura
Law Offices of John Ventura, P.C.
62 East Price Road
Brownsville, Texas 78521

JEFFREY R. SEEWALD