IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 3 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| HILDA BARAJAS, JOSE LUIS BARAJAS,§ <br> and MARIA SUSANA BARAJAS § <br> Plaintiffs, § <br> § <br> vs § <br> § <br> CAMERON MAYE and WASHINGTON § <br> MUTUAL FINANCE, INC. § | Civil Action No. B-03-175 |

## JOINT DISCOVERY / CASE MANAGEMENT PLAN
## UNDER RULE 26(f)

COME NOW, HILDA BARAJAS, JOSE LUIS BARAJAS and MARIA SUSANA BARAJAS, Plaintiffs, and CAMERON MAYE and WASHINGTON MUTUAL FINANCE, INC., Defendants, and file this Joint Discovery/Case Management Plan Under Rule 26(f), and state the following:

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    **The meeting was conducted telephonically on December 10, 2003. Daniel Whitworth, counsel of record for Plaintiffs appeared on their behalf. Kari Robinson, on behalf of Jeff Seewald, counsel of record for Cameron Maye and Washington Mutual Finance, Inc., were present for Defendant.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    **None are pending. This case was removed from 138th Judicial District Court of Cameron County, Texas.**

3. Specify the allegation of federal jurisdiction.

    **This Court has jurisdiction over this case pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.**

4. Briefly describe what the case is about.

**Plaintiffs complain that the Defendants' conduct in wrongfully collecting on a debt was the cause of physical injury and monetary damages to the plaintiffs. Plaintiffs complain that the Defendants violated the Texas Debt Collection Act, committed fraud, made negligent misrepresentation in the collection of a debt, committed unreasonable debt collection practices, and said debt collection practices constitute intentional infliction of mental anguish and invasion of privacy. Plaintiffs seek actual and exemplary damages, attorney's fees, and permanent injunctive relief under the Texas Finance Code.**

**Defendants deny Plaintiffs' allegations and contend that Defendants are not liable to Plaintiffs under any theories and that Plaintiffs' damages, if any, were not caused by the actions of Defendants.**

5. Name the parties who disagree and the reasons.

   **None.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **No additional parties are presently known.**

7. List anticipated interventions.

   **None known.**

8. Describe class-action issues.

   **None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **The parties have agreed to make their initial Rule 26 disclosures within 45 days after the meeting of the parties described in paragraph 1 above.**

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

       **The parties will make Rule 26 disclosures within 45 days of the initial meeting of the parties that occurred on December 10, 2003. After**

      disclosures, the parties anticipate conducting written discovery and taking depositions regarding the Plaintiffs' causes of action and alleged damages, as well as the Defendants' affirmative defenses.

B. When and to whom the plaintiff anticipates it may send interrogatories.

    **Plaintiffs served interrogatories on the Defendants along with Plaintiffs' Original Petition that has since been removed to this court. Plaintiffs anticipate re-sending interrogatories to Defendants within the next three months.**

C. When and to whom the defendant anticipates it may send interrogatories.

    **Defendants anticipate sending interrogatories to each Plaintiff in the next four months.**

D. Of whom and by when the plaintiff anticipates taking oral depositions.

    **Plaintiffs anticipate taking the depositions of Defendant Cameron Maye and presently unknown representatives of Defendant, Washington Mutual Finance, Inc., as well as any experts.**

E. Of whom and by when the defendant anticipates taking oral depositions.

    **Defendants anticipate taking the deposition of each Plaintiff after receiving their responses to interrogatories and documents produced by Plaintiffs. Defendants also anticipate deposing Plaintiffs' expert witnesses, if any, after they are disclosed. If deemed necessary, Defendants may take the deposition(s) of any disclosed persons who are non-parties to this action.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

    **Plaintiffs will be able to designate experts and expert reports on or before August 6, 2004. Defendants will be able to designate experts and generate expert reports within 45 days after Plaintiffs' experts are designated and reports generated.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        **Plaintiffs anticipate taking the depositions of Defendants' expert witnesses within 45 days of receiving expert reports.**

H.   List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        **Defendants anticipate taking the deposition of Plaintiffs' expert witnesses within 45 days of receiving their expert reports.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

        **Parties are agreed on the discovery plan.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

        **Plaintiffs served Defendants with Requests for Disclosures, Interrogatories and Requests for Production in the original state court action.**

13. State the date the planned discovery can reasonably be completed.

        **December 10, 2004**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

        **The parties discussed informally the possibility of a prompt settlement. The parties were unable to settle, although settlement discussions continue.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

        **The parties are in active settlement discussions. In the event informal settlement negotiations are not successful, the parties agree to a formal Alternative Dispute Resolution method as deemed appropriate by the Court.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

        **Mediation is a reasonable alternative dispute resolution technique which may be effectively used after the completion of discovery and rulings on any dispositive motions.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   **The Plaintiffs and Defendants could not agree on this issue.**

18. State whether a jury demand has been made and if it was made on time.

   **Plaintiffs demanded a jury trial in their original petition.**

19. Specify the number of hours it will take to present the evidence in this case.

   **The parties estimate 20-24 hours.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   **None.**

21. List other motions pending.

   **None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   **None.**

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

**Counsel for Plaintiff(s):**

By: _/s/ Manuel Newburger by pen DW_
Manuel H. Newburger
State Bar No. 14946500
Barron & Newburger, P.C.
1212 Guadalupe, Suite 104
Austin, Texas 78702-1837
Tel. (512) 476-9103
Fax. (512) 476-9253

By: *[signature]*
Daniel P. Whitworth
Texas Bar No. 24008275
Federal ID No. 23119
Rich Mlynek
Texas Bar No. 24007689
Federal ID No. 23125
62 E.Price Rd.
Brownsville Texas 78521
Tel. (956) 546-9398
Fax. (956) 542-1478

**Counsel for Defendant(s):**

By: _____
Jeffrey R. Seewald
Texas Bar No. 17986640
Federal ID No. 28500
Kari Robinson
Texas Bar No. 24004891
Federal ID No. 24144
McGlinchey Stafford, PLLC
1001 McKinney, Suite 1500
Houston, Texas 77002
Tel. (713) 520-1900
Fax. (713) 520-1025

Counsel for Defendant(s):

By: _____
Jeffrey R. Seewald
Texas Bar No. 17986640
Federal ID No. 28500
Kari Robinson
Texas Bar No. 24004891
Federal ID No. 24144
McGlinchey Stafford, PLLC
1001 McKinney, Suite 1500
Houston, Texas 77002
Tel. (713) 520-1900
Fax. (713) 520-1025